IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| QUINCY LAJAMES NELSON, TDCJ-CID No. 01550092, Petitioner, v. DIRECTOR, TDCJ-CID, Defendant. | 2:24-CV-254-Z-BR |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Quincy Lajames Nelson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 3). For the reasons stated below, the Magistrate Judge recommends that the petition be DENIED.

### FACTUAL BACKGROUND

Petitioner Quincy Lajames Nelson, an inmate at the Clements Unit of the Texas Department of Criminal Justice, challenges the results of a prison disciplinary proceeding. On December 3, 2024, Nelson filed this petition, seeking return of 1,300 days of good time credit and challenging his placement in administrative segregation. The government responded, alleging that, because of his offense of conviction, Nelson is not entitled to release on mandatory supervision and thus has not stated a claim for habeas relief. (ECF 21). The government further argues that placement in administrative segregation does not implicate a cognizable constitutional interest, so Nelson's petition should be dismissed. Nelson did not reply to the Answer.

### LEGAL ANALYSIS

The primary consideration in this case is whether Nelson has alleged a denial of his

constitutionally protected liberty interest. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property; because neither Nelson's life nor property interests are at stake, the pertinent question is "whether he had a liberty interest that the prison action implicated or infringed." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015); *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007).

A.   **Administrative Segregation.**

Nelson first complains about his placement in administrative segregation and the loss of the opportunity to earn good time credit. However, the Fifth Circuit Court of Appeals has held that these actions do not trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). Nelson's claims regarding his placement in administrative segregation and loss of line status do not state a constitutional violation and should be dismissed.

B.   **Loss of Good Time Credits.**

Nelson next seeks return of his earned good time credits. Nelson is not entitled to habeas relief because he is ineligible for release to mandatory supervision. The law in effect at the time of the holding offense governs an inmate's eligibility for mandatory supervision. *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). For purposes of a mandatory supervision determination, the applicable holding offense is his current one. *Id.*; *Ex parte Hall*, 995 S.W.2d

151, 152 (Tex. Crim. App. 1999) (an inmate's "eligibility for mandatory supervision release is determined by the statute in effect at the time of his current offense"). Nelson's holding offense out of Bowie County, committed in 2007, was aggravated robbery using a deadly weapon. (ECF 22-13 at 12). Thus, pursuant to the statutes then in effect, he is ineligible for release to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(1), (12) (West 2007) (stating that an inmate's offense with an affirmative finding under article 42.12 § 3g(a)(2), a deadly weapon finding, and an inmate's offense of first-degree aggravated robbery renders one ineligible for mandatory supervision). *See Daniels v. Lumpkin*, No. 7:19-cv-76-O-BP, 2020 WL 7408238 (N.D. Tex. Nov. 18, 2020) ("[A]ggravated robbery with a deadly weapon was an offense that rendered a convicted defendant ineligible for mandatory supervision at the time of the offense here."). Because the Texas legislature specifically excluded Nelson's offense from eligibility for release to mandatory supervision, he has no liberty interest in his good-time credits. *See Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (discussing Texas' mandatory supervision procedure and lack of due process right to good time for ineligible inmates). Consequently, because Nelson's loss of good-time credit does not affect the fact or duration of his sentence, it does not provide a basis for federal habeas corpus relief. *See Sandin*, 515 U.S. at 484; *Teague v. Quarterman,* 482 F.3d 769, 777 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58.

Because none of the deprivations of which Nelson complains implicates any protected liberty interests, his claims are without merit. *See Toney*, 779 F.3d at 336 (the procedural protections of the Due Process Clause are triggered only where there has been a deprivation of a constitutionally protected life, liberty, or property interest).

## RECOMMENDATION

For the reasons stated above, Nelson's petition fails to state a claim for relief under 28

U.S.C. § 2254. Accordingly, IT IS RECOMMENDED that the petition be DENIED and DISMISSED WITH PREJUDICE.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 21, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).