IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

QUINCY LAJAMES NELSON,

    Petitioner,

v.                                                              2:24-CV-254-Z-BR

DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

    Respondent.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus filed by the Petitioner in this case. ECF No. 1. An objection to the FCR has been filed. ECF No. 24. After making an independent review of the pleadings, files, records, and objection in this case, the District Judge concludes that the FCR of the Magistrate Judge is correct. It is **ORDERED** that the FCR of the Magistrate Judge (ECF No. 23) is **ADOPTED**, Petitioner's objection is **OVERRULED**, and the Petition for a Writ of Habeas Corpus is **DISMISSED**.

**LEGAL STANDARD**

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on July 21, 2025. ECF No. 23. Petitioner filed his objection on August 6, 2025. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *See Serrano*, 975 F.3d at 502. Petitioner does not appear to make any specific objections to the Magistrate's FCR. However, objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Petitioner merely rehashes the information previously set forth in his filings and in the Magistrate's FCR. *See* ECF No. 24 (reiterating his belief that he "holds a liberty interest" and that he is "being unlawfully restricted in his liberty by TDCJ administration"). Petitioner's statements do not indicate that the Magistrate's FCR was clearly erroneous—accordingly, Plaintiff's objection is **OVERRULED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court ALSO denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that Petitioner has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional

right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

August 15, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE